IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONAL SERVICES, et | ) | **AND ORDER** |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on August 8, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Plaintiff filed his Complaint on August 8, 2007 asserting constitutional claims and claims pursuant to several federal statutes against twelve Defendants. (Filing No. 1.) The court has divided Defendants into two groups–the "Parole Board Defendants[1]" and the "DCS Defendants.[2]" (Filing No. 1.) Upon review of the Complaint, the court determined that this matter may be identical to a previously-dismissed matter, Case No. 8:05CV31, and requested that Plaintiff file a "detailed brief explaining how the circumstances have changed since the dismissal of" Case

---

[1]The "Parole Board Defendants" are Linda Krutz, Kenneth Vampola, Ester Casmer, Bob Boozer, James Pearson, Miguel Gomez, and Rosalyn Cotton.

[2]The "DCS Defendants" are Harold Clarke, Robert Houston, Jane and John Doe correctional officers, and the Nebraska Department of Correctional Services.

No. 8:05CV31. (Filing No. 7 at CM/ECF p. 2.) After several extensions of time, Plaintiff filed his Brief Addressing Change in Circumstances. (Filing No. 11.)

In his Brief, Plaintiff asserts that Defendants "deprive[d] Plaintiff of his liberty and falsely imprison[ed] him." (*Id.* at CM/ECF p. 6.) Summarized, Plaintiff asserts that the primary change in circumstances since the dismissal of Case No. 8:05CV31 is that Plaintiff "was unconditionally released from prison" and that the "current lawsuit deals with the Defendants [sic] falsely imprisoning him from August 11, 2003, until December 14, 2005 and holding unauthorized parole reviews." (*Id.* at CM/ECF pp. 2-3.) Plaintiff's Brief also states that Defendants engaged in "fraudulent parole reviews" and acted "in absence of all jurisdiction." (*Id.* at CM/ECF p. 5.) Plaintiff seeks only monetary relief. (Filing No. 1 at CM/ECF p. 4.)

## II.  CLAIMS AGAINST PAROLE BOARD DEFENDANTS

As set forth in the court's Memorandum and Order dismissing Case No. 8:05CV31:

> "[N]o damages can be recovered from the defendants in either their official or individual capacities. Because the defendants are state employees, the sovereign immunity recognized and preserved by the Eleventh Amendment to the U.S. Constitution bars the plaintiff from recovering damages from the defendants in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). In addition, because the defendants are members of a state parole board, they are shielded by absolute immunity in their individual capacities from the plaintiff's claims for damages. *See, e.g., Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006) ("parole board members are absolutely immune from suit when considering and deciding parole questions") (citation omitted).
>
> As the plaintiff has been released from custody, and his judgment of conviction has been vacated, he can no longer seek parole, and any request for injunctive relief of that kind is presently moot. Similarly,

2

> because prospective injunctive relief is not available, the plaintiff cannot obtain a declaratory judgment directing the defendants to conform their future conduct to federal law. A declaratory judgment establishing only the past liability of a state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment. *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635, 646 (2002).

(Filing No. 107 in Case No. 8:05CV31 at CM/ECF pp 2-3.)

The circumstances with respect to the Parole Board Defendants' immunity have not changed. As in Case No. 8:05CV31, the Parole Board Defendants are still entitled to sovereign immunity from claims for monetary relief in their official capacities.

Further, the Parole Board Defendants are entitled to absolute immunity in their individual capacities for actions taken while deciding parole questions. *See Figg*, 433 F.3d at 598 ("A decision about whether or not to grant parole is at the heart of a parole board member's jurisdiction, whether that decision is based on lawful or unlawful considerations.") (quotations omitted). Although Plaintiff alleges that the Parole Board Defendants were without "jurisdiction" to deny him parole, he does not allege that the Parole Board Defendants took any actions outside of their function as members of the Nebraska Parole Board. (*See* Filing No. 1.) The Parole Board Defendants are therefore entitled to absolute immunity from claims for monetary relief and the claims against those Defendants are therefore dismissed. The court will dismiss Plaintiff's state law claims against the Parole Board Defendants without prejudice. *See Figg*, 433 F.3d at 600 (holding that dismissal of state law claim for false imprisonment and other claims should have been without prejudice in the interests of comity).

### III. CLAIMS AGAINST THE DCS DEFENDANTS

3

Plaintiff did not assert any claims against any of the DCS Defendants in Case No. 8:05CV31. However, the DCS Defendants are also entitled to sovereign immunity for claims against them in their official capacities. As set forth above and in the court's orders in Case No. 8:05CV31, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in his or her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie,* 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). Because they are entitled to sovereign immunity, the claims against the Nebraska Department of Correctional Services and the DCS Defendants in their official capacities are dismissed without prejudice.

The DCS Defendants may also be entitled to absolute immunity. Indeed, "jailors and wardens are 'absolutely immune from damages flowing from the *fact* of a prisoner's incarceration, when that incarceration occurs pursuant to a facially valid order of confinement.'" *Figg*, 433 F.3d at 599 (quoting *Patterson v. Von Riesen*, 999 F.2d 1235, 1241 (8th Cir. 1993)). Further, "[o]fficials such as the wardens must not be required to act as pseudo-appellate courts scrutinizing the orders of judges." *Id.* (quotations omitted). In short, if the DCS Defendants acted pursuant to a "facially valid order of confinement," they are entitled to absolute immunity. The record is not clear on this issue at this early stage of the proceedings. Liberally construing the Complaint, Plaintiff has set forth enough factual allegations to nudge his claims against the DCS Defendants "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). The court will therefore allow this matter to proceed to service on Plaintiff's claims against Defendants Harold Clarke, Robert Houston, and correctional officers Jane and John Doe in their individual capacities only.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's claims against Defendants Linda Krutz, Kenneth Vampola, Ester Casmer, Bob Boozer, James Pearson, Miguel Gomez, and Rosalyn Cotton are dismissed without prejudice to reassertion in state court.

    2.    Plaintiff's claims against Defendant the Nebraska Department of Correctional Services and Defendants Harold Clarke, Robert Houston, and correctional officers Jane and John Doe in their official capacities are dismissed without prejudice to reassertion in state court.

3.  Plaintiff's claims against Harold Clarke, Robert Houston, and correctional officers Jane and John Doe in their individual capacities only may proceed and service is now warranted as to those claims only.

4.  To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR (4) summons forms and FOUR (4) USM-285 forms (for service on the remaining Defendants in their individual capacities only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5.  Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

6.  Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

7.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**November 18, 2008**: Check for completion of service of summons."

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

July 25, 2008.                             BY THE COURT:


                                           s/ Joseph F. Bataillon
                                           Chief United States District Judge