IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HAROLD CLARKE, et al, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Robert Houston ("Houston") and Harold Clarke's ("Clarke") Motion to Dismiss. (Filing No. 21.) Also pending is Plaintiff's Motion to Substitute Party Names. (Filing No. 29.) As set forth below, both Motions are granted.

### I.   HOUSTON AND CLARKE'S MOTION TO DISMISS

#### A.   Standard of Review

The standard on a motion to dismiss is the same as that previously applied on initial review of the Complaint. In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**B.     Houston and Clarke's Motion**

Houston and Clarke argue that they are entitled to dismissal because Plaintiff has not alleged "sufficient facts to establish [their] personal participation in" the events underlying this case. (Filing No. 22 at CM/ECF p. 3.)  Defendants are generally correct that *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). However, a plaintiff need not show that a supervisor personally participated in the alleged violation if he can "allege and show . . . that the supervisor . . . had direct responsibility for the alleged violations." *McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993).  In addition, "a plaintiff could show that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts." *Id.* (citing *Pool v. Missouri Dep't of Corr. & Human Res.*, 883 F.2d 640, 645 (8th Cir. 1989). Therefore, where a plaintiff alleges that a warden or other supervisor is "responsible for the overall operation of" an institution and was "fully aware" of the alleged constitutional violations, the claims should not be dismissed.  *Pool*, 883 F.2d at 645.

Here, Plaintiff's Complaint does not allege a single action taken by Houston or Clarke.  Rather, Plaintiff's claims against these two Defendants are, by Plaintiff's own admissions, based on their position as Director of the Nebraska Department of Correctional Services during the period which Plaintiff's claims arose. (Filing No. 1 at CM/ECF p. 2.)  Liberally construed, Plaintiff has alleged that Houston and Clarke, as Directors, were "responsible for the overall operation of" the institution in which he was confined.  However, there is nothing in the Complaint alleging that Houston or Clarke were "fully aware" of the alleged constitutional violations.  In his Reply to the Motion to Dismiss, Plaintiff argues that Houston and Clarke must have known about Plaintiff's claims because they were responsible for reviewing "the final stage" of grievances, and Plaintiff filed grievances.  (Filing No. 23 at CM/ECF pp. 1-3.)  However, there is no allegation in the Complaint that Houston or Clarke ever actually  reviewed Plaintiff's grievances.  The court cannot assume that because

2

Houston and Clarke served as Director of the Nebraska Department of Corrections with some responsibility for reviewing grievances, they necessarily knew of or authorized the alleged unconstitutional acts. In light of this, Plaintiff's claims against Houston and Clarke are dismissed.

## II. PLAINTIFF'S MOTION TO SUBSTITUTE PARTY NAMES

In his Motion to Substitute, Plaintiff requests that the court allow him to substitute the names of 16 individuals for Defendants Jane and John Doe. (Filing No. 29.) It appears that Plaintiff has conducted discovery in this matter which uncovered the identities of these previously unknown individuals. Defendants have not objected to Plaintiff's Motion to Substitute, and the court will grant the Motion.

Plaintiff must now file an Amended Complaint, substituting the 16 individuals for "Jane Doe" and "John Doe" and making any other allegations against these 16 individuals. However, Plaintiff is not given leave to amend any other part of his Complaint. After amendment, Plaintiff must serve these 16 individuals with summons and a copy of the amended complaint. However, as set forth in the court's July 25, 2008 Memorandum and Order, the claims against these Defendants in their official capacities have been dismissed and Plaintiff will only be permitted to proceed with his individual capacity claims.

This matter has been pending for nearly two years. In light of this, Plaintiff will be given 30 days to file his amended complaint, and 60 days to serve the newly-named Defendants with service of process. Because the 16 individuals are the only remaining Defendants, failure to comply with this Memorandum and Order will result in dismissal of this matter without prejudice and without further notice. In the event that Plaintiff fails to serve some of the 16 Defendants, the unserved Defendants will be dismissed from this matter without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Defendants' Robert Houston and Harold Clarke's Motion to Dismiss (filing no. 21) is granted. All claims against Houston and Clarke are dismissed without prejudice.

2. Plaintiff's Motion to Substitute Party Names (filing no. 29) is granted.

3. Plaintiff shall file an amended complaint no later than **May 25, 2009**. The amended complaint shall substitute the names of the 16 individual correctional officers for Defendants "Jane Doe" and "John Doe," and shall make any other allegations against these 16 individuals. However, Plaintiff is not given leave to amend any other part of his Complaint. In the event that Plaintiff fails to file an amended complaint by that date, this matter will be dismissed without prejudice and without further notice.

4. After filing the amended complaint, Plaintiff must obtain service on Defendants. To obtain service of process on the newly-named Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SIXTEEN (16) summons forms and SIXTEEN (16) USM-285 forms (for service on Defendants in their individual capacities only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible after filing an amended complaint, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail

4

pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

6. Plaintiff is granted, on the court's own motion, until **June 23, 2009** to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on Defendants by June 23, 2009 will result in dismissal of this matter without prejudice and without further notice as to any unserved Defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of the Court is directed to set two pro se case management deadlines in this case with the following text: May 25, 2009: check for amended complaint and dismiss if none filed and June 23, 2009: check for completion of service of summons on new Defendants and dismiss if not served.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

10. Defendants' Jane Doe and John Doe's Motion to Dismiss (filing no. 25) is denied as moot.

April 21, 2009.                    BY THE COURT:

                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge