IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| NEBRASKA DEPARTMENT OF | ) | **AND ORDER** |
| CORRECTIONAL SERVICES, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Tim Pavel ("Pavel"), Tyler Endicott ("Endicott"), Daniel Wendt ("Wendt"), Roland Liehus ("Liehus"), Chad Pierce ("Pierce"), Trace Malousek ("Malousek"), Marlin Leybold ("Leybold"), and Jack Finegan's ("Finegan") (collectively the "Served Defendants") Motion to Dismiss. (Filing No. 59.) Plaintiff has filed an Objection to the Motion to Dismiss. (Filing No. 64.) For the reasons discussed below, the Served Defendants' Motion is granted in part and denied in part; Plaintiff's Objection is granted.

## I. BACKGROUND

Plaintiff filed his Complaint on August 8, 2007, alleging constitutional claims and claims pursuant to several federal statutes against twelve Defendants. (Filing No. 1.) On initial review, the court determined that this matter looked identical to a previously-dismissed matter, Case No. 8:05CV31, and asked Plaintiff to file a "detailed brief explaining how the circumstances have changed since the dismissal of" Case No. 8:05CV31. (Filing No. 7 at CM/ECF p. 2.) After several extensions of time, Plaintiff filed his Brief Addressing Change in Circumstances. (Filing No. 11.)

In his Brief, Plaintiff asserted that since the dismissal of Case No. 8:05CV31 he has been unconditionally released from prison. (*Id.* at CM/ECF pp. 2-3.) He alleged that this matter was different from Case No. 8:05CV31 because it dealt with his false imprisonment from August 11, 2003, through December 14, 2005. (*Id.* at CM/ECF pp. 2-3.) After reviewing Plaintiff's Brief, the court permitted Plaintiff's claims against Defendants Harold Clarke ("Clarke"), Robert Houston ("Houston"), and correctional officers Jane and John Doe to proceed to service. (Filing No. 12 at CM/ECF p. 5.) The court dismissed Plaintiff's remaining claims. (*Id.* at CM/ECF pp. 5-7.)

After summons were executed, Houston and Clarke filed a Motion to Dismiss. (Filing No. 21.) In this Motion, Houston and Clarke argued that they were entitled to dismissal because Plaintiff had not alleged "sufficient facts to establish [their] personal participation in" the events underlying this case. (Filing No. 22 at CM/ECF p. 3.) The court agreed, and dismissed Plaintiff's claims against Houston and Clark. (Filing No. 30 at CM/ECF p. 2.)

Also pending at that time was Plaintiff's Motion to Substitute Party Names. (Filing No. 29.) In this Motion, Plaintiff asked the court allow him to substitute the names of 16 individuals for Defendants Jane and John Doe. (*Id.*) The court granted this Motion and permitted Plaintiff to file an amended complaint against the 16 newly-named Defendants. (Filing No. 30 at CM/ECF pp. 3-4.) In doing so, the court specifically stated that:

> This matter has been pending for nearly two years. In light of this, Plaintiff will be given 30 days to file his amended complaint, and 60 days to serve the newlynamed Defendants with service of process. Because the 16 individuals are the only remaining Defendants, failure to comply with this Memorandum and Order will result in dismissal of this matter without prejudice and without further notice. In the event that Plaintiff fails to serve some of the 16 Defendants, the unserved

2

> Defendants will be dismissed from this matter without prejudice and without further notice.
>
> . . .
>
> 6. Plaintiff is granted, on the court's own motion, until **June 23, 2009** to complete service of process.
>
> 7. Plaintiff is hereby notified that failure to obtain service of process on Defendants by June 23, 2009 *will* result in dismissal of this matter without prejudice and without further notice as to any unserved Defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

(*Id*. at CM/ECF pp. 4-5 (emphasis added).)

On May 26, 2009, Plaintiff filed his Amended Complaint. (Filing No. 33.) Plaintiff then returned eight of his Summons and USM-285 forms on June 11, 2009, and eight on June 18, 2009. (Filing Nos. 40 and 42.) The Marshals subsequently executed service of process. (Filing Nos. 45-58 and 63.)

On July 15, 2009, the Served Defendants filed a Motion to Dismiss (filing no. 59), a Brief in Support (filing no. 60), a Notice of Non Service (filing no. 61), and an Index in support of the Notice (filing no. 62). Plaintiff responded with an Objection to the Motion to Dismiss. (Filing No. 64.) Also pending before the court is Defendants Robertus and Finegan's Motion to Quash Subpoena (filing no. 36), Plaintiff's Motion to Alter and Amend (filing no. 31), Motion for Summons (filing no. 41), Motion to Substitute Party Names (filing no. 43), Motion for Leave to File Corrected Amended Complaint (filing no. 44), Motion to Perfect Service by Publication (filing no. 65), and Motion to Extend Service of Process (filing no. 66). The court will now explore these Motions in turn.

## II. DISCUSSION

### A. Served Defendants Motion to Dismiss

In their Motion, the Served Defendants argue that Plaintiff failed to comply with the court's April 21, 2009 Memorandum and Order, which directed Plaintiff to serve Defendants by June 23, 2009. Because of this failure, the Served Defendants argue that Plaintiff's claims should be dismissed. (Filing No. 60 at CM/ECF pp. 2-3.) Separately, the Served Defendants argue that Jack Finegan should be dismissed as a Defendant from this matter, as he was not one of the 16 Defendants the court gave Plaintiff permission to serve. (*Id*. at CM/ECF pp. 3-4.) The court agrees in part.

In forma pauperis litigants are entitled to rely on the court's officers and the Unites States Marshals to effect proper service, and should not be penalized where such failure is through no fault of the litigant. *See* 28 U.S.C. § 1915(d) (stating that for purposes of proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."); *see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989) (concluding the language in 28 U.S.C. § 1915(d) is compulsory). Here, Plaintiff delivered some of his completed summons forms to the Clerk of the court on June 11, 2009, and the remainder on June 18, 2009. Although service of process was not executed until after the court's June 23, 2009, service deadline, Plaintiff delivered his summons forms before this date. Accordingly, Plaintiff was entitled to rely on the court's officers and the United States Marshals to effect service of process.

Although Plaintiff was entitled rely on the court's officers and the United States Marshals to effect service of process, he was not authorized to serve Jack Finegan. As discussed above, this matter has been pending for over two years. In that time, the court has granted Plaintiff numerous extensions of time, allowed him to file an Amended Complaint, and permitted him to substitute 16 newly-named

4

Defendants for Defendants he originally named as Jane and John Doe. (Filing Nos. 7, 8, 9 and 30.) Finegan was not one of those Defendants. (Filing No. 29.) In light of these facts, the court will not permit Plaintiff to continue to delay the resolution of this case by substituting additional newly-named Defendants. Plaintiff's claims against Defendant Finegan are therefore dismissed without prejudice.

In sum, the Served Defendants' Motion to Dismiss is granted with respect to Defendant Finegan and denied with respect to the other Defendants. Plaintiff's Objection to the Motion is granted.

**B.     Motion to Quash Subpoena**

On June 2, 2009, Plaintiff served Subpoenas and Notices of Deposition on Kimberly Robertus ("Robertus") and Finegan. (Filing No. 37 at CM/ECF p. 2; Filing No. 39 at CM/ECF p. 2.) At that time, all of the named Defendants in this matter had been dismissed except for the newly-named Defendants that Plaintiff was substituting for Jane and John Doe. (Filing No. 30 at CM/ECF p. 30.) Plaintiff had not yet served these newly-named Defendants with his Amended Complaint. (*See* Docket Sheet.) Because Defendants Robertus and Finegan had not been served with a complaint, they filed a Motion to Quash Plaintiff's Subpoenas and Notices of Deposition. (Filing No. 36.)

Federal Rule of Civil Procedure 26(d) provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[1] Fed. R. Civ. P. 26(d). Plaintiff does not contend that a Rule 26(f) conference has occurred. Further, Plaintiff's Objection to Defendants' Motion to Quash clearly

---

[1] Although certain exceptions apply, the record does not indicate and the parties do not argue that an exception applies here.

indicates that he intended to conduct formal discovery. (*See generally* Filing No. 39.) Accordingly, the Rule 26(d) timing limitation applies.

In short, Plaintiff's Subpoenas and Notices of Deposition served on Robertus and Finegan are premature. Robertus and Finegan's Motion to Quash is therefore granted.

**C.     Motion to Alter or Amend**

On April 24, 2009, Plaintiff filed a Motion to Alter or Amend. (Filing No. 31.) The court construes this Motion as a Motion to Reconsider. In his Motion, Plaintiff seeks reconsideration of the court's April 21, 2009 Memorandum and Order, which dismissed Plaintiff's claims against Houston and Clarke. (Filing No. 30.) The court has carefully reviewed the record and finds no good cause to reconsider its previous Memorandum and Order.

**D.     Motion for Summons**

On June 11, 2009, Plaintiff returned 8 of his 16 Summons forms to the Clerk of the court for completion of service. (Filing Nos. 40 and 41.) The Clerk of the court issued seven of the Summons, but filed one as a Motion for Summons. (*Id*.) This Motion for Summons is essentially just a completed Summons and USM-285 form for service of process on Kimberly Robertus. (Filing No. 41.) Because the court authorized Plaintiff to substitute Kimberly Robertus as a Defendant in this matter (filing no. 30 at CM/ECF pp. 3-4; filing no. 29 at CM/ECF p. 1), Plaintiff's Motion for Summons is granted. The Clerk of the court is directed to deliver the documents in Plaintiff's Motion for Summons (i.e., the Summons and USM-285 forms for service on Kimberly Robertus) to the Marshals for service of process.

**E.     Notice of Non Service and Plaintiff's Remaining Motions**

Along with the Motion to Dismiss discussed above, the Served Defendants filed a Notice of Non Service (filing no. 61), and an Index in support of the Notice (filing no. 62). The Notice and Index show that Plaintiff failed to properly serve Defendants Jason Belau ("Belau"), Glen Duerfeldt ("Duerfeldt"), Robert Ellis ("Ellis"), Michael Meyers ("Meyers"), Robert Hruska ("Hruska"), Michael Balderson ("Balderson"), and Mitzi Doan ("Doan"). Plaintiff failed to serve these parties because his summons were sent via certified mail to the Defendants at the Nebraska State Penitentiary ("NSP"). (Filings Nos. 45-53 and 55.) However, NSP does not currently employ Belau, Duerfeldt, Ellis, Meyers, Hruska, Balderson, and Doan.

Separately, Plaintiff also failed to serve Defendant Marc Sheer. Instead, Plaintiff alleges that he served Finegan in Sheer's place because he made a "mistake" in his first Motion to Substituted Parties and in his Amended Complaint. (Filing Nos. 43 and 48.) In an effort to correct his "mistake" and his service failure, Plaintiff filed a second Motion to Substitute Party Names (filing no. 43), a Motion for Leave to File Corrected Amended Complaint (filing no. 44), a Motion to Perfect Service by Publication (filing no. 65), and a Motion to Extend Service of Process (filing no. 66).

As discussed above, this case has been pending for more than two years. The court is no longer willing to tolerate Plaintiff's delays. In its April 21, 2009 Memorandum and Order, the court warned Plaintiff that failing "to obtain service of process on Defendants by June 23, 2009 *will* result in dismissal of this matter without prejudice and without further notice as to any unserved Defendant" (Filing No. 30 at CM/ECF pp. 4-5 (emphasis added).) Because Plaintiff failed to comply with this order (i.e., he failed to properly serve Defendants Belau, Duerfeldt, Ellis, Meyers, Hruska, Balderson, Doan and Sheer by the court's service deadline), his claims against the unserved Defendants in this matter are dismissed. Consequently, Plaintiff's Motion to Substitute Party Names (filing no. 43), Motion for Leave to File

Corrected Amended Complaint (filing no. 44), Motion to Perfect Service by Publication (filing no. 65), and Motion to Extend Service of Process (filing no. 66) are denied.

IT IS THEREFORE ORDERED that:

1. Defendants Pavel, Endicott, Wendt, Liehus, Pierce, Malousek, Leybold, and Finegan's Motion to Dismiss (filing no. 59) is granted in part and denied in part. Plaintiff's Objection to the Motion to Dismiss (filing no. 64) is granted.

2. Plaintiff's claims against Defendant Finegan are dismissed without prejudice.

3. Defendants Robertus and Finegan's Motion to Quash (filing no. 36) is granted.

4. The Clerk of the court is directed to quash the Subpoenas and Notices of Deposition served on Robertus and Finegan.

5. Plaintiff's Motion to Alter or Amend (filing no. 31) is denied.

6. Plaintiff's Motion for Summons (filing no. 41) is granted.

7. The Clerk of the court is directed to deliver the documents in Plaintiff's Motion for Summons (i.e., the Summons and USM-285 forms for service on Kimberly Robertus) to the Marshals for service of process.

8. Plaintiff's Motion to Substitute Party Names (filing no. 43), Motion for Leave to File Corrected Amended Complaint (filing no. 44), Motion to Perfect

Service by Publication (filing no. 65), and Motion to Extend Service of Process (filing no. 66) are denied.

9. Plaintiff's claims against Defendants Belau, Duerfeldt, Ellis, Meyers, Hruska, Balderson, Doan and Sheer are dismissed without prejudice for failure to comply with this court's orders.

December 7, 2009.                    BY THE COURT:

                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.