IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, TIM | ) | |
| PAVEL, TYLER ENDICOTT, | ) | |
| DANIEL WENDT, ROLAND | ) | |
| LIEHUS, CHAD PIERCE, TRACE | ) | |
| MALOUSEK, and MARLIN | ) | |
| LEYBOLD, | ) | |
| | ) | |
| Defendants. | ) | |

   This matter is before the court on Plaintiff's Motion to Supplement Pleadings (filing no. 87) and Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment (filing no. 89). The court will address these Motions in turn.

### I. Motion to Supplement Pleadings

   On March 25, 2010, Plaintiff filed a Motion to Supplement Pleadings and a Supplemental Complaint. (Filing Nos. 87 and 88.) The court construes Plaintiff's Motion to Supplement Pleadings as a Motion to Amend his Amended Complaint.

   Plaintiff's proposed Supplemental Complaint seeks to add claims that occurred after he filed his Amended Complaint. (Filing No. 88 at CM/ECF pp. 7-45.) Condensed and summarized, Plaintiff states that "Robert Houston, Amie Larson, George Green, Kyle Poppert, Ginger Shurter, and Janine Dougless" violated their duty to preserve his inmate file by willfully destroying it to sabotage his case. (*Id.* at CM/ECF p. 8.) These allegations raise claims against five new individuals, "Amie

Larson, George Green, Kyle Poppert, Ginger Shurter, and Janine Dougless," and one Defendant, Robert Houston, who was dismissed from this matter on April 21, 2009. (*Id.*; Filing No. 30 at CM/ECF p. 4.)

Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave [to amend] when justice so requires." However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery or impose additional discovery requirements. See *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *see also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (concluding a court does not abuse its discretion to deny a motion to amend where there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment).

This matter has been pending for over two and half years. (*See* Docket Sheet.) The court already permitted Plaintiff to file an Amended Complaint more than 21 months after he filed his original Complaint. (Filing Nos. 1 and 33.) Further, the discovery deadline in this matter has already passed. (Filing No. 73.) In short, permitting Plaintiff to assert new claims against new defendants at this stage of the proceedings would impose additional discovery requirements and unduly delay the resolution of this case.[1] Therefore, Plaintiff's Motion to Supplement Pleadings, construed as a Motion to Amend, is denied.

## II. Motion to Extend

Also pending before the court is Plaintiff's Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment. (Filing No. 89.) In this Motion,

---

[1] Plaintiff's Supplemental Complaint may contain information that Plaintiff might find useful in his response to Defendants' Motion for Summary Judgment. To the extent that Plaintiff desires to use this information for that purpose, he may do so.

Plaintiff asks the court to extend the time to respond to Defendants' Motion for Summary Judgment until 21 days after the court rules on his Motion to Supplement Pleadings. (*Id*.) Plaintiff argues he is entitled to this extension because his Motion to Supplement Pleadings precludes summary judgment in this matter. (Filing No. 90 at CM/ECF p. 2.) The court disagrees. Nevertheless, because Plaintiff is proceeding pro se, the court will grant Plaintiff's Motion to Extend. Plaintiff shall have until May 5, 2010, to respond to Defendants' Motion for Summary Judgment.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Supplement Pleadings (filing no. 87), construed as a Motion to Amend, is denied.

2. Plaintiff's Motion to Extend (filing no. 89) is granted.

3. Plaintiff shall have until May 5, 2010, to respond to Defendants' Motion for Summary Judgment.

DATED this 14th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.