IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| NEBRASKA DEPARTMENT OF | ) | **AND ORDER** |
| CORRECTIONAL SERVICES, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Tim Pavel ("Pavel"), Tyler Endicott ("Endicott"), Daniel Wendt ("Wendt"), Roland Liehus ("Liehus"), Chad Pierce ("Pierce"), Trace Malousek ("Malousek") and Marlin Leybold's ("Leybold") Motion for Summary Judgment. (Filing No. 84.) Plaintiff has filed a Brief in Resistance to Defendants' Motion. (Filing No. 93.) For the reasons discussed below, Defendants' Motion is granted.

## I. BACKGROUND

Plaintiff filed his original Complaint in this matter on August 8, 2007, alleging constitutional claims and claims pursuant to several federal statutes against twelve Defendants. (Filing No. 1.) On initial review, the court determined that this matter looked identical to a previously-dismissed matter, Case No. 8:05CV31, and asked Plaintiff to file a "detailed brief explaining how the circumstances have changed since the dismissal of" Case No. 8:05CV31. (Filing No. 7 at CM/ECF p. 2.) After several extensions of time, Plaintiff filed his Brief Addressing Change in Circumstances. (Filing No. 11.)

In his Brief, Plaintiff asserted that after the dismissal of Case No. 8:05CV31 he had been unconditionally released from prison. (*Id.* at CM/ECF pp. 2-3.) He alleged that this matter was different from Case No. 8:05CV31 because it addressed his false imprisonment from August 11, 2003, through December 14, 2005. (*Id.* at CM/ECF pp. 2-3.) After reviewing Plaintiff's Brief, the court permitted Plaintiff's claims against Defendants Harold Clarke ("Clarke"), Robert Houston ("Houston"), and correctional officers Jane and John Doe to proceed to service. (Filing No. 12 at CM/ECF p. 5.) The court dismissed Plaintiff's remaining claims. (*Id*. at CM/ECF pp. 5-7.)

After summons were executed, Houston and Clarke filed a Motion to Dismiss. (Filing No. 21.) In this Motion, Houston and Clarke argued that they were entitled to dismissal because Plaintiff had not alleged "sufficient facts to establish [their] personal participation in" the events underlying this case. (Filing No. 22 at CM/ECF p. 3.) The court agreed, and dismissed Plaintiff's claims against Houston and Clark. (Filing No. 30 at CM/ECF p. 2.)

Also pending at that time was Plaintiff's Motion to Substitute Party Names. (Filing No. 29.) In this Motion, Plaintiff asked the court allow him to substitute the names of 16 individuals for Defendants Jane and John Doe. (*Id*.) The court granted this Motion and permitted Plaintiff to file an amended complaint against the 16 newly-named Defendants. (Filing No. 30 at CM/ECF pp. 3-4.)

On May 26, 2009, Plaintiff filed his Amended Complaint. (Filing No. 33.) Subsequently, the Marshals executed service of process. (Filing Nos. 45-58 and 63.) On July 15, 2009, Defendants filed a Motion to Dismiss. (Filing No. 59.) In their Motion, Defendants argued that Plaintiff failed to serve Defendants by the court's deadline and that Jack Finegan ("Finegan") should be dismissed as a Defendant from this matter because he was not one of the 16 Defendants that the court gave Plaintiff permission to serve. (*Id*. at CM/ECF pp. 3-4.) On December 7, 2009, the court

2

granted Defendants' Motion in part, dismissing Plaintiff's claims against Finegan and eight other Defendants for Plaintiff's failure to comply with court orders. (*Id*. at CM/ECF pp. 4-5, 7-9.)

On March 23, 2010, the remaining Defendants filed a Motion for Summary Judgment (filing no. 84), a Brief in Support (filing no. 85) and an Index of Evidence in Support (filing no. 86). Plaintiff responded by filing a Motion to Supplement Pleadings, a Supplemental Complaint and a Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment. (Filing Nos. 88 and 89.) On April 14, 2010, the court denied Plaintiff's Motion to Supplement (construed as a Motion to Amend) because Plaintiff's proposed Supplemental Complaint contained "new claims . . . [that] would impose additional discovery requirements and unduly delay the resolution of this case." (Filing No. 92 at CM/ECF p. 2.) However, the court granted Plaintiff's Motion to Extend. (*Id*. at CM/ECF p. 3.) On May 5, 2010, Plaintiff timely filed a Brief in Resistance to Defendants' Motion for Summary Judgment along with an Index of Evidence in Support. (Filing Nos. 93 and 95.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

3

Defendants submitted a statement of material facts in accordance with the court's Local Rules. Plaintiff has submitted a Brief and an Index of Evidence in response. This matter is therefore deemed fully submitted and the court adopts the following relevant undisputed facts.

## *II.   RELEVANT UNDISPUTED FACTS*

1.   Plaintiff Steven Blair is a former Nebraska Department of Correctional Services inmate.

2.   At all times relevant to this action, the Nebraska State Penitentiary ("NSP") employed Defendants Pavel, Pierce, Wendt and Malousek as corporals.

3.   NSP corporals have no authority to release an inmate from custody and have no bearing in the decision of whether an inmate is released.

4.   At all times relevant to this action, NSP employed Defendants Endicott, Leybold and Liekhus as correctional officers.

5.   NSP correctional officers have no authority to release an inmate from custody and have bearing in the decision of whether an inmate is released.

6.   In 1997, Plaintiff was convicted of kidnapping, use of a deadly weapon to commit a felony and terroristic threats. He was subsequently sentenced to serve a prison term on June 16, 1998.

7.   Plaintiff began serving his sentence on June 26, 1998.

8. On August 8, 2003, the Nebraska District Court of Douglas County, Nebraska ("Nebraska District Court") set aside Plaintiff's conviction on the basis of ineffective assistance of trial counsel and ordered a new trial.

9. On August 13, 2003, the State of Nebraska filed a notice of appeal regarding the Nebraska District Court's decision to set aside Plaintiff's conviction.

10. On August 18, 2003, Plaintiff moved the Nebraska District Court to alter or amend its order. In this motion, Plaintiff asked the Nebraska District Court to set forth its conclusions of fact separately from its conclusions of law.

11. On November 15, 2005, the Nebraska Court of Appeals concluded that it lacked jurisdiction over the State's appeal because Plaintiff's motion to alter or amend terminated the 30-day appeal period and invalidated the State's notice of appeal.

12. After the Nebraska Court of Appeals dismissed the State's proposed appeal, the Douglas County Attorney decided to dismiss the charges against Plaintiff instead of proceeding with a new trial. The County made this decision for several reasons, including the fact that Plaintiff had already served approximately eight years in prison and it was unlikely that a conviction would result in a substantial period of additional incarceration.

13. Plaintiff was released from prison on December 14, 2005.

(Filing No. 33 at CM/ECF pp. 3-4, 7; Filing No. 86-2, Attach. 2 at CM/ECF p. 1; Filing No. 86-3, Attach. 3 at CM/ECF p. 1; Filing No. 86-4, Attach. 4 at CM/ECF p. 1; Filing No. 86-5, Attach. 5 at CM/ECF p. 1; Filing No. 86-6, Attach. 6 at CM/ECF p. 1; Filing No. 86-7, Attach. 7 at CM/ECF p. 1; Filing No. 86-8, Attach. 8 at CM/ECF p. 1; Filing No. 86-9, Attach. 9 at CM/ECF p. 1; Filing No. 86-10, Attach.

10 at CM/ECF p. 1; The court also takes judicial notice of Case No. 07CV295, Filing No. 236-14, Attach. 13 at CM/ECF pp. 3-4.) *State v. Blair*, 707 N.W.2d 8, 13 (Neb. Ct. App. 2005).

### III. DISCUSSION

A.  **Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

6

**B.     Defendants' Motion**

### *1.     Qualified Immunity*

Defendants argue that they are entitled to qualified immunity with respect to Plaintiff's constitutional claims. (Filing No. 85 at CM/ECF pp. 15-17.) The court agrees.

a.     Legal Standards

Qualified immunity is a question of law to be determined by the court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.* (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The court focuses on two questions to determine whether a state official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time

7

of the deprivation such that a reasonable official would understand that their conduct was unlawful . . . ." *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006) (citations and quotations omitted). Thus, the "initial inquiry is whether the facts as alleged show that the officers' conduct violated a constitutional right. . . . If the facts do not show a violation, [a court] need not proceed further with the qualified immunity analysis." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007).

      b.      Deprivation of a Constitutional Right

Plaintiff alleges that Defendants deprived him of liberty without due process in violation of the Fourteenth Amendment when they failed to immediately release him following the Nebraska District Court's August 8, 2003 decision to sustain his motion for postconviction relief and grant a new trial. (Filing No. 33 at CM/ECF pp. 3, 7.) Because the Nebraska District Court set aside Plaintiff's conviction, the court will assume that Plaintiff was a pretrial detainee while he was in custody pending retrial. *See, e.g., Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (finding that a prisoner's status was that of a pretrial detainee while he was in custody pending retrial); *Love v. Ficano*, 19 F. Supp. 2d 754, 762 (E.D. Mich. 1998) (concluding that a prisoner was effectively a pretrial detainee while confined in jail pending prosecution's appeal of a state trial court order that granted the prisoner a new trial).

In addition to his due process claim, Plaintiff also alleges that Defendants' failure to release him violated his Eighth Amendment right to be free from cruel and unusual punishment. As discussed above, the court assumes that Plaintiff was a pretrial detainee while he was in custody pending retrial. Thus, the court will liberally construe Plaintiff's Eighth Amendment cruel and unusual punishment claims as claims brought pursuant to the Fourteenth Amendment. *See Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (concluding that a pretrial detainee asserting a claim for cruel and unusual punishment does so under the Fourteenth Amendment because punishment, as contemplated by the Eighth

8

Amendment, cannot occur until after "a formal adjudication of guilt in accordance with due process of law").

The Supreme Court has held that a pretrial detainee may be confined prior to trial so long as the confinement does not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also United States v. Salerno*, 481 U.S. 739, 746 (1987) (stating that pretrial detention must be "regulatory, not penal"). Such confinement is constitutional where prompt hearings are available to determine if the pretrial detainee is a flight risk or a danger to the community and the length of detention is not excessively prolonged. *Salerno*, 481 U.S. at 747-49, n.4. However, prolonged detention will not rise to the level of a Fourteenth Amendment violation unless a defendant acted with deliberate indifference. *Davis v. Hall*, 375 F.3d 703, 718 (8th Cir. 2004).

Here, Plaintiff alleges that Defendants intentionally ignored his request to be released from prison after the Nebraska District Court granted his motion for post-conviction relief. (Filing No. 33 at CM/ECF pp. 6-7.) However, the undisputed facts clearly show that Defendants have no authority to release an inmate. (Filing No. 86-2, Attach. 2 at CM/ECF p. 1; Filing No. 86-3, Attach. 3 at CM/ECF p. 1; Filing No. 86-4, Attach. 4 at CM/ECF p. 1; Filing No. 86-5, Attach. 5 at CM/ECF p. 1; Filing No. 86-6, Attach. 6 at CM/ECF p. 1; Filing No. 86-7, Attach. 7 at CM/ECF p. 1; Filing No. 86-8, Attach. 8 at CM/ECF p. 1; Filing No. 86-9, Attach. 9 at CM/ECF p. 1; Filing No. 86-10, Attach. 10 at CM/ECF p. 1.) Because Defendants had no authority to release Plaintiff, they could not have acted with deliberate indifference by ignoring his request to be released.

Although Defendants had no authority to release Plaintiff, the Nebraska Court of Appeals did. Under Nebraska law, an order sustaining or overruling a prisoner's motion for post-conviction relief is:

> deemed to be a final judgment, and an appeal may be taken from the district court as provided for in appeals in civil cases. A prisoner may, in the discretion of the appellate court and *upon application* to the appellate court, be released on such recognizance as the appellate court fixes pending the determination of the appeal.

Neb. Rev. Stat. § 29-3002 (emphasis added). As discussed above, the State filed a notice of appeal regarding the Nebraska District Court's order that granted Plaintiff post-conviction relief. *State v. Blair*, 707 N.W.2d 8, 13 (Neb. Ct. App. 2005). While the appeal was pending, Plaintiff had the opportunity to apply to the appellate court to be released on recognizance. Neb. Rev. Stat. § 29-3002. Plaintiff does not allege, nor does the record show, that he attempted to do so. Although Plaintiff was held for 830 days while the State's appeal was pending, and an additional 29 days pending a retrial that never materialized, he cannot blame Defendants for his own failure to seek release through recognizance. In short, Plaintiff has not established that Defendants violated a constitutional right and there is no need to proceed with the second part of the qualified immunity analysis. Defendants are entitled to qualified immunity and Plaintiff's constitutional claims against them are dismissed.

### 2. *Conspiracy*

Plaintiff also alleges that Defendants conspired to unlawfully imprison him after the Nebraska District Court set aside his conviction. (Filing No. 33 at CM/ECF p. 7.) Defendants argue that Plaintiff has failed to properly allege a conspiracy claim. (Filing No. 85 at CM/ECF p. 12.) Again, the court agrees.

In order to establish a conspiracy claim under 42 U.S.C. § 1983, Plaintiff must prove "that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). In order to establish a

conspiracy claim under 42 U.S.C. § 1985, Plaintiff must prove: (1) the defendants conspired, (2) with the intent to deprive him of a constitutional right, (3) an act in furtherance of the conspiracy, and (4) an injury to his person or property, or a deprivation of any right or privilege of a citizen of the United States. *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005).

Because Plaintiff has not established that Defendants violated a constitutional right, he cannot prevail on a civil conspiracy claim. *See, e.g., Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999) (holding that to prevail on conspiracy claim under § 1983 plaintiff must prove actual deprivation of constitutional right); *Weigand v. Spadt,* 317 F. Supp. 2d 1129, 1145-46 (D. Neb. 2004) (concluding that absent a constitutional violation, there is no actionable § 1985 conspiracy claim). Accordingly, Plaintiff's civil conspiracy claims must also be dismissed.

**C.    Plaintiff's State-Law Claims**

Because the court has now dismissed all of Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Consequently, Plaintiff's Amended Complaint is dismissed in its entirety, but the court will dismiss the state-law claims without prejudice.

IT IS THEREFORE ORDERED that:

1.    Defendants' Motion for Summary Judgment (filing no. 84) is granted.

2.    Plaintiff's federal claims against Pavel, Endicott, Wendt, Liehus, Pierce, Malousek and Leybold are dismissed with prejudice. Plaintiff's state-law claims against Pavel, Endicott, Wendt, Liehus, Pierce, Malousek and Leybold are dismissed without prejudice.

3. Plaintiff's claims against the Defendant Nebraska Department of Corrections are dismissed in accordance with the court's July 25, 2008 Memorandum and Order (filing no. 12).

4. A separate judgment will be entered in accordance with this Memorandum and Order.

5. All other pending Motions are denied as moot.

DATED this 22nd day of June, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.