IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN R. BLAIR, | ) | 8:07CV307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, TIM | ) | |
| PAVEL, TYLER ENDICOTT, | ) | |
| DANIEL WENDT, ROLAND | ) | |
| LIEHUS, CHAD PIERCE, TRACE | ) | |
| MALOUSEK, and MARLIN | ) | |
| LEYBOLD, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Appeal In Forma Pauperis. (Filing No. 106.) On June 22, 2010, the court dismissed Plaintiff's claims and entered judgment against him. (Filing Nos. 103 and 104.) On July 23, 2010, Plaintiff filed an untimely Notice of Appeal of the court's Judgment. (Filing No. 105.) Although Plaintiff's Notice of Appeal was untimely, the court gave Plaintiff until August 20, 2010, to show excusable neglect or good cause for his failure to file a timely notice of appeal. (Filing No. 110.) On August 20, 2010, Plaintiff filed an Affidavit. (Filing No. 111.)

### *I. Plaintiff's Affidavit*

In his Affidavit, Plaintiff states that he is currently litigating another case that has "exhausted" nearly all of his time to litigate this matter. (*Id*.; Case No. 8:07CV295.) Plaintiff also states that he assumed that "the mail box rule" applied to non-prisoners. (*Id*. at CM/ECF p. 3.) Consequently, when Plaintiff mailed his Notice

of Appeal on June 22, 2010, he believed that it would be timely filed. (*Id*. at CM/ECF p. 2.)

Although Plaintiff is proceeding pro se, he is still required to comply with procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (pro se litigants are not excused from compliance with procedural law). In addition, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer Investment Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 392 (1993). However, because Plaintiff is litigating another matter that has "exhausted" nearly all of his time, and because Plaintiff is proceeding pro se, the court will consider his Notice of Appeal timely filed.

## *II. Motion for Leave to Appeal IFP*

As set forth in Federal Rule of Appellate Procedure 24(a)(3):

> (a) Leave to Proceed in Forma Pauperis. . . .
>
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

The court finds that because Plaintiff proceeded in forma pauperis in the district court, he may now "proceed on appeal in forma pauperis without further authorization." *Id*.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Appeal in forma pauperis (filing no. 106) is granted.

2. The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

DATED this 25th day of August, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.